IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PRIVACY-ASSURED INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACCESSDATA CORPORATION, LTD.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR RECONSIDERATION AND DENYING MOTION FOR JOINDER**<br><br>Case No. 2:14-cv-00722-CW-DBP<br><br>Judge Clark Waddoups<br>Magistrate Judge Dustin B. Pead |

This matter comes before the court on Plaintiff Privacy-Assured Inc.'s (Privacy-Assured) Motion for Reconsideration of the court's order staying this case and a related case, *Privacy-Assured v. AccessData Corporation Limited et al.*, Case No. 2:16-cv-275-CW-PMW. (Dkt. No. 250.) In December 2016, this court stayed both cases in "the interests of judicial economy and efficiency" pending the results of a UK bankruptcy proceeding commenced by Defendant AccessData Corporation Limited in September 2016. After reviewing Privacy-Assured's latest Motion, the court has determined that it will lift the stay in this case for the limited purpose of deciding Privacy-Assured's still-pending and fully-briefed Motion for Joinder. (Dkt. No. 213.) Although the court GRANTS the Motion for Reconsideration in this case, (Dkt. No. 250), **the stay will remain in place in Case No. 2:16-cv-275** and the court will set a hearing on the Motion for Reconsideration in that case forthwith.

## MOTION FOR JOINDER

After the court's confirmation of a foreign arbitration award and entry of judgment in Privacy-Assured's favor against AccessData Corporation, Ltd. (the Judgment), Privacy-Assured has been in the process of attempting to recover on the Judgment. As part of these collection

efforts, Privacy-Assured has now filed motion to join AccessData Group, Inc. as a judgment debtor pursuant to Rule 21 of the Federal Rules of Civil Procedure. (Dkt. No. 213.) According to Privacy-Assured, joinder is proper because AccessData Group is the alter ego of Defendant AccessData Corporation. (*Id.*) Simultaneously, Privacy-Assured filed a complaint in this District against AccessData Group and AccessData Corporation, asserting, among other claims, that the two businesses are the alter egos of each other. (Dkt. No. 213-12.) AccessData Group opposed the motion for joinder in this case and commenced defending against the complaint in the second case. (Dkt No. 221.) For the reasons that follow, the court **DENIES** Privacy-Assured's motion for joinder. (Dkt. No. 213.)

## ANALYSIS

Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Thus, it is well settled that the court may add or drop a party at any stage of the litigation, even after judgment has been entered. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989). But whether to do so is a decision committed to the court's sound discretion. *K–B Trucking Co. v. Riss Int'l Corporation*, 763 F.2d 1148, 1153 (10th Cir.1985) ("The grant or denial of a motion to bring in or drop a party lies in the discretion of the judge. . . . The trial court's exercise of discretion will not be disturbed on appeal unless an abuse [of discretion] is shown.") (quoting 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1688, at 342 (1972)). For instance, courts have declined to permit joinder where it will unfairly prejudice the opposing party or deny that party due process. *See, e.g.*, *The Crude Co. v. U.S. Dep't of Energy*, 189 F.R.D. 1, 2 (D.D.C. 1999); *Sarne v. Fiesta Motel*, 79 F.R.D. 567, 570 (E.D. Pa. 1978); *see also Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000) (holding that amending the complaint and judgment to

2

impose personal liability on the president and sole shareholder of the defendant company violated due process). It is also appropriate for the court to "consider judicial economy and [its] ability to manage each particular case, as well as how the amendment would affect the use of judicial resources, the impact the amendment would have on the judicial system, and the impact [joinder] would have on each of the parties already named in the action." *Sly Magazine, LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007).

But although the court generally has broad discretion over whether to add a judgment debtor, this discretion is limited by jurisdictional requirements. Of relevance in this case, the Tenth Circuit has held that an attempt to add a third party to a judgment "already obtained" is "not within the ancillary jurisdiction of the court." *Sandlin v. Corp. Interiors Inc.*, 972 F.2d 1212, 1218 (10th Cir. 1992); *accord Peacock v. Thomas*, 516 U.S. 349, 356–60 (1996) (holding that a court's ancillary jurisdiction did not extend to proceedings that were "new and original" or where "the relief [sought is] of a different kind or on a different principle"). Accordingly, before turning to the merits of Privacy-Assured's request for joinder under Rule 21, the court must assess its own subject matter jurisdiction to do so. *Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1158 (10th Cir. 2011) (noting the court has an independent obligation to assess its subject matter jurisdiction at every stage of the proceeding).

To establish that this court has subject matter jurisdiction to add a judgment debtor under an alter ego theory of liability, Privacy-Assured must show (1) the claims against the judgment debtor allege direct liability or are directly entangled with the underlying claims such that they fell within the court's original jurisdiction; (2) complete diversity of citizenship existed between the original parties to this case and the additional individuals such that the district court has diversity jurisdiction; or (3) the court could exercise supplemental jurisdiction over the

3

individuals. *See Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 68–69 (10th Cir. 2005).[1] As the plaintiff, Privacy-Assured has the obligation to prove that at least one of these conditions is met. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). The court concludes that Privacy-Assured has not met its burden to show the court's subject matter jurisdiction.

Here, the case arose under this court's original jurisdiction pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (*See* Dkt. No. 23, p. 3.) Given the narrow scope of the confirmation proceedings, the court's federal question jurisdiction does not extend to join AccessData Group as a judgment debtor under a theory of alter ego liability. Indeed, in considering whether to confirm the arbitration award, the court was never asked to determine the validity of Privacy-Assured's claims against AccessData Corporation or any other entity, nor was it presented facts about AccessData Group's alleged role in AccessData Corporation's breaches of its obligations to Privacy-Assured. To the contrary, the court considered only two limited issues: whether the damage award was consistent with the parties' agreement and whether the arbitrator made a mathematical miscalculation in setting the amount of damages. (Dkt. No. 23.) Thus, Privacy-Assured's claims against AccessData Group under a theory of alter ego liability will require proof of facts and legal theories significantly different from the narrow issues that were presented in the confirmation proceedings.[2] Privacy-Assured presents the court with no authority to suggest that it is appropriate to exercise its jurisdiction to join a third-party as a judgment debtor where the court's original jurisdiction is limited to confirmation of a foreign arbitration award. And the court is under no obligation to

---

[1] Though not binding, the Tenth Circuit's unpublished decisions are persuasive.
[2] Although the court may have diversity jurisdiction over the matter once AccessData Group, a Delaware corporation, is joined, Privacy-Assured directs the court to no authority that would permit it to exercise its jurisdiction to join a judgment debtor to create diversity jurisdiction where its original jurisdiction arose under a federal question.

manufacture the arguments necessary to support jurisdiction in this procedurally unique context. *See Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) (recognizing that the court is not required to act as an advocate and comb through record to make the party's case for it); *see also Mitchell v. City of Wichita, Kansas*, 140 F. App'x 767, 781 n.16 (10th Cir. 2005) (unpublished) ("It is the party's, and not the district court's function, to present the material facts to the court and then, in its analysis, apply those facts to the law. It is not the court's role to hunt through the briefing and determine whether facts lurking in the background support a particular legal contention for which the party did not offer them."); *Rapid Transit Lines, Inc. v. Wichita Developers, Inc.*, 435 F.2d 850, 852 (10th Cir. 1970) (noting a party's failure to cite any relevant authority "suggests either that there is no authority to sustain its position or that it expects the court to do its research"). Privacy-Assured's failure to provide the court with the information and analysis necessary for the court to satisfy itself that it has jurisdiction is fatal to its request for relief. *See Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) ("Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.") (quoting *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999)).

    Nevertheless, the court is satisfied that it enjoys independent diversity jurisdiction over Privacy-Assured's claims against AccessData Group pursuant to 28 U.S.C. § 1332(a)(2), which provides for alienage jurisdiction. Section 1332(a)(2) "provides district courts with original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of a state and citizens or subjects of a foreign state." *JPMorgan Chase Bank v. Traffic Stream (BVI) Infrastructure Ltd.*, 536 U.S. 88, 91 (2002) (internal quotation marks and ellipses omitted). In turn, a corporation is a citizen of the foreign state in

which it is organized. *Id.* Here, Privacy-Assured is a Canadian company with its principal place of business located in Ontario, Canada. (*See* Agreement 2, Dkt. No. 2-7.) AccessData Corporation is registered in England and Wales with its main office in California. (*See id.*; Mot. to Confirm 3, ¶ 2 & n.2, Dkt. No. 2.) Finally, AccessData Group is a Delaware corporation. (*See* Mot. for Joinder 2, ¶ 2, Dkt. No. 213.) Thus, complete diversity exists between the parties here, including the party sought to be joined.

Having satisfied itself that it has alienage diversity jurisdiction the court now considers the merits of Privacy-Assured's request to join AccessData Group as a judgment debtor. The court concludes that joinder would be improper for at least two reasons. First, due process concerns weigh in favor of permitting AccessData Group to defend against Privacy-Assured's alter ego claims in the currently pending civil action rather than in these truncated post-judgment proceedings. *See Privacy-Assured v. Accessdata Corporation Limited et al*, No. 2:16-cv-275-CW-PMW. Even assuming that a claim for alter ego liability could be resolved in post-judgment collection efforts, *cf. Brigham Young Univ. v. Tremco Consultants, Inc.*, 156 P.3d 782, 790 (Utah 2007) ("[A] claim founded on either theory is a civil action that must be prosecuted in the manner prescribed in the Utah Rules of Civil Procedure, commencing with the filing of a summons and complaint and not the abbreviated post-judgment collection procedures of rule."), Privacy-Assured's entitlement to judgment against AccessData Group is not so clear that it can be resolved at this stage of the litigation. Indeed, the record is not yet fully developed. Some of Privacy-Assured's factual recitations in support of its motion for joinder are based "upon information and belief," and the motion incorporates by reference the allegations of the complaint. (Dkt. No. 213, pp. 2, 4, 5, 7, 8, 9.) Certainly awarding judgment against AccessData Group on the basis of untested allegations raises serious due process concerns.

Second, even if Privacy-Assured had presented compelling evidence to support its alter ego claim, it would make little sense from a judicial economy perspective to join AccessData Group as a judgment debtor where there is a complaint currently pending in this district that seeks identical relief. Indeed, Privacy-Assured's complaint seeks judgment that AccessData Group and AccessData Corporation are the alter egos of one another to prevent "the potential dissipation or transfer of funds and assets which would otherwise be available to pay the debts of [AccessData] Corporation." (Dkt. No. 213-12, p. 18.) The complaint alleges further that "[b]ecause [AccessData] Corporation and [AccessData] Group are alter egos of one another Plaintiff is entitled to recover the Judgment amount owed." (*Id.*) And the complaint makes clear that the "Judgment amount" is this court's Judgment. (*Id.* at 12.) Thus, where the relief sought in both proceedings is identical, joining AccessData Group as a judgment debtor in this matter creates the risk of potentially inconsistent decisions. Privacy-Assured does not address the possibility of inconsistent judgments or explain why resolution of its alter ego claims in these proceedings while a parallel proceeding is ongoing, would be appropriate.[3] Thus, joinder of AccessData Group is not appropriate under Rule 21.

## CONCLUSION

For all these reasons, the court rejects Privacy-Assured's request that it join AccessData Group as a judgment debtor because of concerns of due process, judicial economy, and inconsistent judgments. The motion for joinder (Dkt. No. 213) is, therefore, **DENIED**.

The court **DIRECTS** the clerk to lift the stay in this case for purposes of entering this order. The case remains closed.

---

[3] Privacy-Assured's argument that the court should join AccessData Group because "to allow [AccessData Group] to avoid being held responsible for the obligation, or to even allow [AccessData Group] to extend its farce into more expensive litigation, would be to sanction injustice," (Dkt. No. 224, p. 5), is unpersuasive considering that Privacy-Assured filed suit on its alter ego claim.

**SO ORDERED** this 11th day of July, 2017.

                              **BY THE COURT:**

                              _____
                              Clark Waddoups
                              United States District Judge